IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>    Plaintiff,  :  <br>v.  :  <br>MICHAEL KING,  :  <br>    Defendant.  : | Criminal Action No. 08-36-JJF |

**DEFENDANT'S PRETRIAL MOTION TO SUPPRESS EVIDENCE
AND STATEMENTS**

    Defendant, Michael King, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an Order suppressing the government's use of any and all evidence illegally seized by law enforcement officials on or about February 12, 2008, and also moves for an Order suppressing any statements made by defendant subsequent to the illegal search and seizure.

    In support of this motion, Mr. King avers as follows:

    1.    By Indictment filed March 4, 2008, defendant Michael King was charged with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

    2.    The government has provided defense counsel with a copy of a Wilmington Police report captioned, "Investigate Narrative."

    3.    The "Investigative Narrative" alleges as follows:

        a.    on February 12, 2008, Wilmington police responded to 401 N. Pine Street, Apt C-1, in response to a complaint the police received concerning Mr. King being in possession of a firearm;

        b.    when they arrived at 401 N. Pine Street, Apt C-1, the police knocked at the door of that apartment and spoke to a woman who identified herself as the lessee of that apartment;

  c. once inside the apartment, the police encountered Mr. King, who was identified by the complainant as the person with whom she had an earlier altercation and whom she had allegedly seen with a gun;

  d. Mr. King was handcuffed and searched by the officers;

  e. no firearm was recovered on Mr. King's person;

  f. the officers subsequently asked the woman who leased the apartment for consent to search the apartment for a gun;

  g. the officers allege that the lessee gave them consent to search the apartment;

  h. in the closet, officers found a silver in color Smith and Wesson .44 magnum revolver.

4. The Investigative Narrative further alleges that after being taken into custody, Mr. King waived his Miranda rights and admitted possessing the firearm.

5. Mr. King does not stipulate to the allegations reflected in the Investigative Narrative, but cites those allegations in support of a request for an evidentiary hearing.

6. Mr. King moves to suppress the firearm, on the ground that it was secured through a warrantless search and seizure, in violation of the Fourth Amendment of the United States Constitution.

7. Mr. King also moves to suppress his statements to police, on the ground that they are the fruits of the unlawful search and seizure. Wong Sun v. United States, 371 U.S. 471 (1963)

8. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

9. In the present case, the officers did not have a warrant to search the apartment. The burden rests with the government to prove, by a preponderance of the evidence, that the police search of the apartment falls under an exception to the Fourth Amendment warrant requirement.

10. The Investigative Narrative states that the officers had consent to search the apartment where the firearm was subsequently recovered.

11.    For consent to be valid, the Fourth Amendment requires that the government demonstrate that the consent to search was voluntarily given, and not the result of duress or coercion, express or implied.  Schneckloth v. Bustamonte, 412 U.S. 218 (1973).

12.    Upon information and belief, the officers lacked valid consent to search the apartment.

13.    Because the search was illegal, all evidence seized from this illegal search, must be suppressed in accordance with the "fruit of the poisonous tree doctrine," as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

**WHEREFORE**, it is respectfully requested that an evidentiary hearing be scheduled, and that Defendant's Motion to Suppress Evidence and Statements be GRANTED.

Respectfully submitted,

*/s/ Eleni Kousoulis*
Eleni Kousoulis
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE   19801
ecf_de@msn.com

Attorney for Defendant Michael King

Dated: April 18, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-36-JJF |
| MICHAEL KING, | : |
| Defendant. | : |

## **ORDER**

The Court having considered Defendant's Pretrial Motion to Suppress Physical Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that the Smith and Wesson .44 magnum revolver seized from inside 401 N. Pine Street, Apt. C-1, Wilmington, Delaware, at the time of Mr. King's arrest in this case, and any statements made by Mr. King, shall be suppressed.

_____
Honorable Joseph J. Farnan, Jr.
United States District Court